The Merchants' Loan and Trust Co. v. Hulette, 187 Ill. App. 161.

**The Merchants' Loan and Trust Company, Administrator, Appellant, v. Stella Pease Hulette, Executrix, Appellee.**

**Gen. No. 19,257.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914.

### Statement of the Case.

Proceeding for the allowance of a claim against Stella Pease Hulette, executrix of the last will and testament of Arthur B. Pease, deceased, in favor of The Merchants' Loan and Trust Company, administrator with the will annexed of the estate of Joseph H. Willets, deceased. It appeared that Willets for a number of years had from time to time turned over sums of money to Arthur Pease to be invested in notes secured by trust deed and that Pease had so invested the money and had failed in his lifetime to account to Willets for the proceeds of the notes. The Probate Court allowed the claim as a seventh class claim and on appeal to the Circuit Court the claim was allowed as of the same class. The claimant, contending that the claim should have been allowed as a claim of the sixth class, appeals.

McCULLOCH & McCULLOCH, for appellant.

HARRIS F. WILLIAMS and CHYTRAUS, HEALY & FROST, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 326*—*when claim against estate does not belong to sixth class.* A claim against an estate for the proceeds of notes secured by trust deeds, where the money had been turned over to the deceased in his lifetime for such investment, *held* properly allowed as a seventh class claim instead of a sixth class claim for the reason that the facts did not establish an express or technical trust.

2. EXECUTORS AND ADMINISTRATORS, § 326*—*word "trust" in statute relating to classification of claims construed.* The word "trust" in clause 6 of section 70, ch. 3, Hurd's R. S., J. & A. ¶ 119, relating to the administration of estates, applies only to technical or express trusts and has no application to trusts which the law implies as growing out of contracts.

3. COSTS, § 67*—*when statutory damages for prosecuting appeal for delay not allowable.* Statutory provisions relating to appeals prosecuted for delay will not be enforced where it appears that the appeal was argued in good faith, and the court cannot say that the appeal was prosecuted for delay.